**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Wah Koon NG,<br>(A76-188-057)<br><br>     Plaintiff,<br><br> versus<br><br>Michael Chertoff, Secretary,<br>  Department of Homeland Security,<br>Emilio T. Gonzalez, Director,<br>  U.S. Citizenship & Immigration Services,<br>Mary Ann Gantner, Director,<br>  USCIS New York District<br><br>     Defendants. | Docket #: 08-cv-00397 |

## COMPLAINT

1. This is a civil action brought by Plaintiff, Wah Koon NG, to compel the Defendants and those acting under her to take action on the motion to reconsider his application for adjustment of status (INS Form I-485) filed by Plaintiff and with the Immigration and Naturalization Service (hereafter INS or Service), which is now called Citizenship at Immigration Services (USCIS), and which Defendants and those acting under their supervision have failed to take timely action on.

### I. JURISDICTION AND VENUE

2. This Court had jurisdiction over this action pursuant to 28 USC §1331 (federal subject matter jurisdiction) in conjunction with 28 USC §1361 (mandamus), the

1

Administrative Procedure Act (APA) (5 USC §555(b), and the Immigration & Nationality Act and regulations implementing it (Title 8 of the CFR).

3. Under 28 USC §1331, "(t)he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." There is jurisdiction under 28 USC §1331 because this action arises under 28 USC §1361 (mandamus), the Administrative Procedure Act (APA) (5 USC §555(b) and 5 USC §702), and the Immigration & Nationality Act (INA) and regulations implementing it (Title 8 of the CFR).

4. Under 28 USC §1361, "(t)he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff."

5. Venue of this action is proper under 28 USC §1391(e)(2) in that "a substantial part of the events or omissions giving rise to the claim occurred" within the judicial district of this Court.

## II. **PARTIES**

6. Plaintiff, citizen of Malaysia, filed a motion to reopen an application to adjust status to that of Lawful Permanent Resident in 2001; this motion remains unadjudicated as of the date of this complaint.

7. Michael Chertoff is the Secretary of the Department of Homeland Security. He is being named in this complaint only in his official capacity.

8. Emilio T. Gonzalez is the Director of the U.S. Citizenship and Immigration Service. He is being named in this complaint only in his official capacity.

9. Defendant Mary Ann Gantner is the District Director of USCIS. As such, she is the Attorney General's designate for the New York District, charged with the duty of administration and enforcement of all the functions, powers, and duties of USCIS. She is being named in this complaint only in her official capacity.

### III. FACTS

10. Plaintiff, Wah Ng Koon, is a citizen of Malaysia. He is the beneficiary of an immigrant visa petition filed by his half-sister. It had a priority date of January 29, 1986 and was approved by the INS on October 29, 1986.

11. Mr. Ng entered the U.S. on or about October 24, 1996 on a B-2 visitor visa. Mr. Ng submitted his application for adjustment to a legal permanent resident on or about November 4, 1996 and was interviewed in connection therewith on June 2, 1997. The application was denied on June 19, 2001, on the ground that Mr. Ng obtained his B-2 visitor visa allegedly by fraud.

12. Mr. Ng timely filed a motion to re-consider on July 16, 2001 on the ground that there was no intent nor need to deceive since his quota was still current in 1996 and he could as easily have entered as legal permanent resident. USCIS has not provided Plaintiff nor his attorney with any information regarding the status of the motion.

13. The Service has not adjudicated Mr. Ng's motion or even acknowledged Mr. Ng's numerous inquiries regarding the status the motion.

### IV. LEGAL GROUNDS FOR RELIEF

14. Mr. Ng has complied with all requirements for seeking adjustment of status.

15. Defendants unreasonably delayed the adjudication of Mr. Ng's motion to reconsider.

16. The Defendant has a duty to adjudicate the motion and has failed to perform that duty.

17. The APA requires USCIS to carry out its duties within a reasonable time. The provision of the APA that provides this is 5 USC §555(b), which states that "(w)ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it." USCIS is subject to 5 USC §555(b). Mr. Ng contends that the delays in adjudicating his motion for reconsideration for adjustment of status are unreasonable.

18. Both the regulations and the INA provide numerous examples of duties owed by USCIS in the adjustment of status process. 8 USC §1103 states that "[t]he Attorney General shall be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (emphasis added).

19. The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part shall be interviewed by an immigration officer," 8 CFR §245.6 (emphasis added). Most importantly, the regulation provides that "the applicant shall be notified of the decision of the Director, and, if the application is denied, the reasons for the denial," 8 CFR §245.2. (emphasis added.) INS denied Mr. Ng's adjustment application. Plaintiff then timely moved pursuant to 8 CFR §103.5(a)(i) for reconsideration. This motion has been pending for more than 6 years.

20. By making numerous inquiries on the status of his application, Plaintiff has exhausted any and all available administrative remedies. No other remedy exists to

4

resolve Defendant's inability or unwillingness to adjudicate Plaintiff's motion for reconsideration of the denial of his application for adjustment of status.

## V. REQUESTS FOR RELIEF

WHEREFORE, YOUR PETITIONERS PRAY THIS HONORABLE COURT:

I.    Issue an order requiring the Defendant to adjudicate the motion to reconsider;

II.   Grant attorneys fees to plaintiffs under the Equal Access to Justice Act;

III.  Granting any other and further relief that this Honorable Court may deem fit and proper.

Dated:  January __15__, 2008
        New York, New York

                                              Respectfully submitted,


                                              _____/s/_____
                                              Theodore N. Cox (2549)
                                              Attorney for Petitioner
                                              401 Broadway, Suite 701
                                              New York, NY 10013
                                              (212) 925-1208